UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHAD AHMAD REFAAT EL BADRAWI,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>DEPARTMENT OF HOMELAND SECURITY;   )<br>DEPARTMENT OF STATE; DEPARTMENT OF JUSTICE;   )<br>and DEPARTMENT OF LABOR,   )<br>)<br>Defendants.   )<br>_____)  | **COMPLAINT** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory and injunctive relief to compel the disclosure and release of agency records improperly withheld from Plaintiff Rashad El Badrawi by Defendants Department of Homeland Security ("DHS"), Department of State ("DOS"), Department of Justice ("DOJ"), and Department of Labor ("DOL").

2. Mr. Badrawi seeks to compel the release of records that pertain to him and are maintained by the various Defendants. Despite Mr. Badrawi's compliance with all statutory requirements, Defendants have been largely unresponsive to his valid FOIA requests.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over Mr. Badrawi's claims and personal jurisdiction over Defendant agencies pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346.

4. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(2), as a substantial part of the events giving rise to the claim occurred in the District of

Connecticut, many of the records requested were created and at one time located within the District, and Mr. Badrawi's last residence before his wrongful arrest, detention, and departure from the United States was in Hartford, Connecticut.

## PARTIES

5. Plaintiff Rashad Ahmad Refaat El Badrawi is a non-U.S. citizen. From June 2003 to December 2004, he was employed at the University of Connecticut Health Center as a research associate and resided in Hartford, Connecticut. In October 2004, he was wrongfully arrested and detained by the Department of Homeland Security on the basis of alleged civil immigration violations. He was detained in Hartford until his wrongful departure from the United States in December 2004. He currently resides outside the United States.

6. Defendant Department of Homeland Security ("DHS") is the federal agency responsible for securing the nation's borders, in part by enforcing federal immigration laws and managing the immigration process. Immigrations and Customs Enforcement ("ICE"), a component entity of DHS, is responsible for enforcing federal immigration statutes. Customs and Border Protection ("CBP"), a component entity of DHS, is responsible for maintaining security and staffing points of entry at the nation's borders. U.S. Citizenship and Immigration Services ("USCIS"), a component entity of DHS, is responsible for administration of immigration and naturalization adjudication functions and establishing immigration services policies and priorities. DHS is an agency within the meaning of 5 U.S.C. § 552(f).

7. Defendant Department of State ("DOS") is the federal agency responsible for conducting the foreign affairs of the United States, including the granting, denying, and revocation of visas and the setting of visa policies and procedures. DOS is an agency within the meaning of 5 U.S.C. § 552(f).

8. Defendant Department of Justice ("DOJ") is the federal agency responsible for the legal business of the United States, including the investigation and prosecution of criminal activity within the United States. The Federal Bureau of Investigation ("FBI"), a component entity of DOJ, is responsible for investigating violations of the criminal laws of the United States. DOJ is an agency within the meaning of 5 U.S.C. § 552(f).

9. Defendant Department of Labor ("DOL") is the federal agency responsible for administering federal labor law, including the granting of certifications related to nonimmigrant work petitions. The Employment and Training Administration ("ETA"), a component of DOL, is responsible for the processing of Labor Condition Applications and related materials in connection with the issuance of nonimmigrant work petitions. DOL is an agency within the meaning of 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

### Rashad El Badrawi's Recent Visa History

10. On April 4, 2004, DHS granted the visa petition of the University of Connecticut Health Center authorizing Plaintiff Rashad Ahmad Refaat El Badrawi's employment as a research associate.

11. On May 26, 2003, DOS issued Mr. Badrawi an H1B nonimmigrant visa authorizing him to enter the United States to accept an offer of employment at the University of Connecticut Health Center.

12. Pursuant to this visa, on June 1, 2003, Mr. Badrawi lawfully entered the United States to commence employment.

13. On October 2, 2003, the Department of State administratively revoked Mr. Badrawi's visa without notice to Mr. Badrawi or to his employer, as is required by law. By the

terms of the visa revocation letter, however, the revocation was effective only "upon his departure from the United States."

14. From October 2, 2003 until his wrongful departure on December 22, 2004, Mr. Badrawi never departed the United States, and therefore the DOS visa revocation never became effective.

15. On March 31, 2004, Mr. Badrawi's employer, the University of Connecticut Health Center, filed a timely application for "extension of stay" of his H1B petition and visa, including a request for premium processing. Mr. Badrawi never received a decision concerning his application.

16. On October 28, 2004, ICE issued a warrant for the arrest of Mr. Badrawi. He was then arrested on October 29.

17. The same day, ICE issued and served a Notice to Appear seeking Mr. Badrawi's removal from the United States. The sole ground asserted by ICE for his arrest and deportation was that Mr. Badrawi had overstayed his H1B visa.

18. Mr. Badrawi remained in ICE custody for the remainder of his time in the United States.

19. On November 3 and again on November 10, 2004, Mr. Badrawi appeared before Immigration Judge Michael W. Straus in Hartford, Connecticut.

20. On November 10, 2004, Judge Strauss issued a Notice of Voluntary Departure Under Safeguards, to be completed by December 10, 2004.

21. On December 22, 2004, ICE agents brought Mr. Badrawi to John F. Kennedy International Airport and placed him on a flight out of the United States.

22. To date, Mr. Badrawi has still not received any specific information as to why his visa was revoked or why he was arrested. Nor has his former employer, the University of Connecticut Health Center, received any information regarding its application for extension of stay.

**Plaintiff's FOIA Request to Customs and Border Protection (CBP)**

23. By letter to CBP dated October 19, 2006, Plaintiff submitted a FOIA request for "any record held by Customs and Border Protection mentioning or concerning" Mr. Badrawi, including but not limited to "any record found in the Treasury Enforcement Communications System (TECS), Interagency Border, National Automated Immigration Lookout System (NAILS), or Computer Linked Application Information Management System (CLAIMS) databases." A copy of that letter is attached to this complaint as Exhibit A.

24. CBP received the letter on October 20, 2006.

25. On October 31, 2006, Plaintiff received a letter dated October 26, 2006, indicating that the request had been forwarded to a different branch of the agency for processing.

26. On December 18, 2006, Plaintiff received a letter dated December 9, 2006, indicating that CBP had "been unable to locate any records in the U.S. Customs and Border Protection (CBP) database within the releasing authority of CBP." This letter was signed by Cleatus P. Hunt, Acting Director of Field Programs, Office of Field Operations, U.S. Customs and Border Protection.

27. On December 19, 2006, Plaintiff submitted an administrative appeal to the Department of Homeland Security, appealing both the "constructive denial of [the] request" as well as "the failure to release records in the possession of CBP that are outside 'the releasing authority of CBP'" without compliance with CBP's own FOIA regulations.

28. CBP received the appeal on December 20, 2006.

29. To date, CBP has not provided the records requested by Plaintiff in his FOIA request, notwithstanding FOIA's requirement that an agency respond to an administrative appeal within twenty (20) working days.

30. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request to CBP.

31. CBP has wrongfully withheld the requested records from the Plaintiff.

**Plaintiff's FOIA Request to Immigration and Customs Enforcement (ICE)**

32. By letter to ICE dated October 19, 2006, Plaintiff submitted a FOIA request for "records held by the U.S. Customs and Immigration Enforcement mentioning or concerning" Mr. Badrawi," including but not limited to "Mr. Badrawi's investigations file," "records concerning his arrest on a warrant issued on October 28, 2004," "records concerning treatment and detention between his arrest and his hearing on November 10, 2004," "records concerning treatment and detention between the issuance of a notice of voluntary departure on November 20, 2004, and his removal from the United States," and "the prosecutor's file used in any and all of his immigration proceedings, including removal and custody proceedings." A copy of that letter is attached as Exhibit B.

33. ICE received the letter on October 20, 2006.

34. On January 23, 2007, Plaintiff received a letter dated January 18, 2007 acknowledging this request. Rather than acknowledging that the agency had already exceeded its statutory deadline, the letter asserted that the agency "must first process similar requests previously received from other persons and organizations."

35. To date, ICE has not provided the records requested by Plaintiff in his FOIA request, notwithstanding FOIA's requirement of an agency response within twenty (20) working days.

36. Plaintiff has exhausted the applicable administrative remedies with respect to this FOIA request.

37. ICE has wrongfully withheld the requested records from the Plaintiff.

**Plaintiff's First FOIA Request to U.S. Citizenship and Immigration Services (USCIS)**

38. By letter to USCIS National Records Center dated October 19, 2006, Plaintiff submitted a FOIA request for "any record held by the U.S. Citizenship and Immigration Service mentioning or concerning" Mr. Badrawi including but not limited to "Mr. Badrawi's complete Alien File ("A-File"); Information concerning visa applications, renewals, and revocation; [and] Information contained in the National Automated Immigration Lookout System." A copy of that letter is attached to this complaint as Exhibit C.

39. USCIS received the letter on October 20, 2006.

40. On November 6, 2006, Plaintiff received a letter dated October 26, 2006 acknowledging receipt of Plaintiff's FOIA request.

41. Plaintiff has received no further notice of USCIS action since that time.

42. To date, USCIS has not provided the records requested by Plaintiff in his FOIA request, notwithstanding FOIA's requirement of an agency response within twenty (20) working days.

43. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request.

44. USCIS has wrongfully withheld the requested records from the Plaintiff.

**Plaintiff's Second FOIA Request to U.S. Citizenship and Immigration Services (USCIS)**

45. By letter to USCIS Headquarters FOIA / Privacy Act Office dated October 19, 2006, Plaintiff submitted a FOIA request for "any record held by the U.S. Citizenship and Immigration Service mentioning or concerning Mr. Badrawi," including but not limited to "Mr. Badrawi's complete Alien File ("A-File")," any and all files related to Mr. Badrawi's initial application for an H1B visa, any and all files related to applications for extensions of Mr. Badrawi's H1B visa, any and all files related to the revocation of Mr. Badrawi's visa on October 2, 2004, and any information contained in the National Automated Immigration Lookout System. A copy of that letter is attached to this complaint as Exhibit D.

46. USCIS received the letter on October 20, 2006.

47. On October 31, 2006, Plaintiff received a letter dated October 25, 2006, indicating that the request had been forwarded to a different branch of the agency for processing.

48. Plaintiff has received no further notice of USCIS action since that time.

49. To date, USCIS has not provided the records requested by Plaintiff in his FOIA request, notwithstanding FOIA's requirement of an agency response within twenty (20) working days.

50. Plaintiff has exhausted the applicable administrative remedies with respect to this FOIA request.

51. USCIS has wrongfully withheld the requested records from the Plaintiff.

**Plaintiff's FOIA Request to United States Department of State (DOS)**

52. By letter to DOS dated October 19, 2006, Plaintiff submitted a FOIA request for "any record held by the U.S. Department of State mentioning or concerning" Mr. Badrawi, including but not limited to records concerning the issuance and revocation of his visa, purported


ineligibility to receive a visa, and records found in the Consular Lookout and Support System, National Security Entry/Exit Registration System, Consolidated Consular Database, or TIPOFF Databases. A copy of that letter is attached to this complaint as Exhibit E.

53.    DOS received the letter on October 20, 2006.

54.    On December 11, 2006, Plaintiff received a letter dated December 1, 2006 acknowledging this request and asserting that "unusual circumstances may arise" that require additional time. It failed to set forth the specific unusual circumstances, an expected date of determination, or provide an opportunity to limit the scope of the request or make alternative arrangements with the agency for processing the request, as required by FOIA when an agency extends a deadline due to "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B).

55.    On February 21, 2007, Plaintiff received a letter dated February 9, 2007 notifying that the request would not be subject to a fee waiver. The letter also reiterated much of the content of the first letter, including the broad reference to "unusual circumstances."

56.    To date, DOS has not provided the records requested by Plaintiff in this FOIA request, notwithstanding FOIA's requirement of an agency response within twenty (20) working days.

57.    Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request to DOS.

58.    DOS has wrongfully withheld the requested records from the Plaintiff.

**Plaintiff's FOIA Request to the Federal Bureau of Investigation (FBI)**

59.    By letter to the FBI dated October 19, 2006, Plaintiff submitted a FOIA request for "any record held by the Federal Bureau of Investigation mentioning or concerning" Mr. Badrawi, including but not limited to "information contained in the National Crime Information

Center," "information relating to any investigation of a purported connection between Mr. Badrawi and international terrorism," and "any other information provided to the Department of State regarding Mr. Badrawi prior to the revocation of his visa on October 2, 2003." A copy of that letter is attached to this complaint as Exhibit F.

60. The FBI received the letter on October 20, 2006.

61. On November 14, 2006, Plaintiff received a letter dated November 8, 2006 acknowledging this request.

62. Plaintiff has received no further notice of FBI action since that time.

63. To date, the FBI has not provided the records requested by Plaintiff in this FOIA request, notwithstanding FOIA's requirement of an agency response within twenty (20) working days.

64. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request to the FBI.

65. The FBI has wrongfully withheld the requested records from the Plaintiff.

**Plaintiff's FOIA Request to the Employment and Training Administration (ETA)**

66. By letter to ETA dated October 19, 2006, Plaintiff submitted a FOIA request for "any record held by the U.S. Department of Labor mentioning or concerning" Mr. Badrawi, including but not limited to records concerning the H1-B visas valid from December 28, 1999 to October 1, 2002, March 14, 2002 to February 3, 2005, and May 26, 2003 to May 1, 2004, particularly copies of the Labor Condition Application and the Petition for a Nonimmigrant Worker. The request also asked for any other records held by DOL concerning any other visa application or application for a visa extension filed on Mr. Badrawi's behalf. A copy of that letter is attached as Exhibit G.

67.     ETA received the letter on October 20, 2006.

68.     On November 27, 2006, Plaintiff received a letter dated November 16, 2006, indicating that ETA had found "no records of the requested documents." This letter was signed by William L. Carlson, Administrator of the Office of Foreign Labor Certification.

69.     On November 29, 2006, Plaintiff submitted an administrative appeal to the Department of Labor, appealing this "no records" response in light of the agency's assurance that "records are maintained for five years after the issuance of a final determination."

70.     DOL received the appeal on November 30, 2006.

71.     On January 9, 2007, Plaintiff received a letter dated December 27, 2006, acknowledging receipt of his administrative appeal.

72.     To date, ETA has not provided the records requested by Plaintiff in his FOIA request, notwithstanding FOIA's requirement that an agency respond to an administrative appeal within twenty (20) working days.

73.     Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request.

74.     ETA has wrongfully withheld the requested records from the Plaintiff.

## CAUSE OF ACTION

### Defendants DHS, DOS, DOJ, & DOL Failed to Disclose and Release Records Responsive to Plaintiff's Request

75. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 74 as if repeated and reincorporated herein.

76. CBP, a component of DHS, has violated Plaintiff's right to DHS records under 5 U.S.C. § 552.

77. ICE, a component of DHS, has violated Plaintiff's right to DHS records under 5 U.S.C. § 552.

78. USCIS, a component of DHS, has violated Plaintiff's right to DHS records under 5 U.S.C. § 552.

79. DOS has violated Plaintiff's right to its records under 5 U.S.C. § 552.

80. The FBI, a component of DOJ, has violated Plaintiff's right to DOJ records under 5 U.S.C. § 552.

81. ETA, a component of DOL, has violated Plaintiff's right to DOL records under 5 U.S.C. § 552.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1) Assume jurisdiction over this matter;

2) Order Defendants to disclose the requested records in their entireties and to make copies available to Plaintiffs;

3) Provide for expeditious proceedings in this action;

4) Award Plaintiffs costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

5) Grant any other relief the Court deems appropriate.

Dated March 9, 2007
New Haven, Connecticut

          Respectfully submitted,

          _/s/ Michael Wishnie_
          Michael Wishnie, Esq., Federal Bar. No. ct27221

          _/s/ Hope Metcalf_
          Hope Metcalf, Esq.
          Sameer Ahmed, Law Student Intern
          Daniel Freeman, Law Student Intern
          Adam Goldfarb, Law Student Intern
          Benjamin Siracusa, Law Student Intern
          ALLARD K. LOWENSTEIN INTERNATIONAL
          HUMAN RIGHTS CLINIC
          NATIONAL LITIGATION PROJECT
          127 Wall Street
          New Haven, Connecticut 06511
          Phone: (203) 432-4800

          Counsel for Plaintiffs