UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHAD AHMAD REFAAT EL BADRAWI, | : |
| Plaintiff, | : |
| v. | : Case No. 3:07cv372 (JCH) |
| DEPARTMENT OF HOMELAND SECURITY, et al., | : |
| Defendants. | : January 4, 2008 |

**DEFENDANT DEPARTMENT OF HOMELAND SECURITY'S,
BY COMPONENT U.S. CUSTOMS AND BORDER PROTECTION,
LOCAL RULE 56(a)1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

In support of its motion for summary judgment, and in accordance with D. Conn. L. Civ. R. 56(a)1, Defendant Department of Homeland Security, by component agency U.S. Customs and Border Protection ("Defendant" or "CBP"), through undersigned counsel, respectfully submits the following material facts as to which there is no dispute, and corresponding specific citations to supporting exhibits accompanying Defendant's declaration, which is attached hereto.

**Plaintiff's FOIA Request to CBP and CBP's Responsive Disclosures**

1. By letter dated October 19, 2006, Plaintiff Rashad Ahmad Refaat El Badrawi ("Plaintiff") requested from CBP "'any record held by [CBP] mentioning or concerning' Mr. Badrawi, including but not limited to 'any record found in the Treasury Enforcement Communications System (TECS), Interagency Border, National Automated Immigration Lookout System (NAILS), or Computer Linked Application Information Management System (CLAIMS) databases.'"  Complaint ("Compl."), ¶ 23; Exhibit B to Suzuki Decl.

2. Plaintiff filed his initial FOIA request with CBP's Freedom of Information Act Appeals,

Policy, and Litigation Branch ("FAPLB"). Exhibit B; Suzuki Decl. ¶ 6.

3. The FABLP is not the appropriate office to process initial FOIA requests. Suzuki Decl. ¶ 6.

4. On October 26, 2006, FAPLB forwarded Plaintiff's request to CBP's Office of Field Operations ("OFO/CBP") for initial processing and a direct response to the requestor. Suzuki Decl. ¶ 6.

5. In performing its search, OFO/CBP located eight (8) TECS records, but determined these records belonged to other agencies. Suzuki Decl. ¶ 7.

6. Subsequently, by letter dated December 9, 2006, OFO/CBP issued its response to Plaintiff's initial FOIA request, and stated that CBP had "been unable to locate any records in the [CBP] database within the releasing authority of CBP." Suzuki Decl. ¶ 7; Exhibit C.

7. On December 20, 2006, Plaintiff submitted an administrative appeal of CBP's response. Suzuki Decl. ¶ 8; Compl., ¶ 27; Exhibit D.

8. Due to administrative error, CBP's FAPLB office misplaced this appeal. Suzuki Decl. ¶ 8.

9. On March 9, 2007, Plaintiff commenced a FOIA lawsuit with the District Court. *See* Docket for *Rashad Ahmad Refaat El Badrawi v. Department of Homeland Security, et al.,* Case No. 3:07cv372 (JCH) (D. Conn.).

10. CBP's FAPLB office located Plaintiff's administrative appeal and began processing it on March 21, 2007. Suzuki Decl., ¶ 8.

11. On July 9, 2007, CBP responded to Plaintiff's administrative appeal. Decl. ¶ 8; *see* CBP

July 9, 2007, letter, Exhibit E.

12. In its response to Plaintiff's administrative appeal, FAPLB reversed CBP's initial decision to withhold one (1) record from the TECS system, determining this record was a responsive CBP record. Suzuki Decl. ¶ 9; Exhibit E.

13. With the July 9, 2007, letter, FAPLB provided Plaintiff a copy of the TECS record with certain information withheld pursuant to FOIA Exemptions (b)(2), (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E). Suzuki Decl. ¶ 9; *see* Exhibit E.; *see* Exhibit A-1 to *Vaughn* Index, attached as Exhibit A.

14. Further, at that time, FAPLB determined that all other records responsive to Plaintiff's request were not CBP records. Suzuki Decl. ¶ 9.

15. In other words, although the records were maintained in TECS, a CBP system of records, the records originated with other federal agencies. Suzuki Decl. ¶ 9.

16. Consequently, those records were referred to other agencies for a direct response to the requestor. Suzuki Decl. ¶ 9.

17. Specifically, two (2) records were referred to the DOS, and three (3) records were referred to ICE. Suzuki Decl. ¶ 9.

18. CBP referred these records because the information contained in all records had been input by DOS and ICE, i.e., these records originated with DOS and ICE, and, consequently, these agencies were best able to determine whether to release all or parts of the records. Suzuki Decl. ¶ 9.

19. On June 25, 2007, DOS responded to Plaintiff regarding the two (2) TECS records that CBP referred to DOS. Suzuki Decl. ¶ 10; *see* Exhibit F.

20. On December 6, 2007, ICE responded to a FOIA request made by Plaintiff. Exhibit G.

21. The response by ICE included the three (3) TECS records that CBP referred to ICE. Exhibit L.

22. On December 18, 2007, FAPLB issued a supplemental response to Plaintiff's appeal, disclosing two (2) additional TECS records, with certain information withheld pursuant to FOIA Exemptions (b)(2), (b)(6), (b)(7)(C), and (b)(7)(E). Suzuki Decl. ¶ 11; Exhibit H.

23. The two additional records were located by CBP during its initial search but were deemed to belong to another agency and as such were not initially released by CBP. Suzuki Decl. ¶ 11.

24. However, in the process of preparing for this case, FAPLB determined that these records are, in fact, CBP records. Suzuki Decl. ¶ 11.

**Defendant's Search for Records Responsive to Plaintiff's Request, Referrals of Records, and Segregability Review**

25. On December 9, 2007, based on the information provided by Plaintiff, a search for records was conducted by OFO/CBP. Suzuki Decl. ¶ 12.

26. CBP engaged in a good faith effort to conduct a search for requested records, using methods which were reasonably expected to produce the information requested. Suzuki Decl. ¶ 12.

27. As a result of Plaintiff's request, CBP conducted a search for responsive records which consisted of searching records retained in the TECS system, a computer based telecommunications system containing investigative and law enforcement information

pertaining to individuals, businesses, conveyances, and the importation and exportation of merchandise.  Suzuki Decl. ¶ 13.

28. TECS is the principal information system supporting the border management and law enforcement mission of CBP and is the sole interface to the CBP records concerning the interaction of the CBP officers with persons entering the United States.  Suzuki Decl. ¶ 13.

29. TECS is the only CBP database that would reasonably contain the information requested in Plaintiff's FOIA request to CBP.  Suzuki Decl. ¶ 13.

30. TECS records include, but are not limited to records pertaining to known violators, wanted persons, lookouts (temporary and permanent), reference information, regulatory and compliance data.  Information about individuals includes but is not limited to name, alias, date of birth, address, physical description, various identification numbers, details and circumstances of a search, arrest, seizure, case information such as merchandise, and values, methods of theft, etc.  Suzuki Decl. ¶ 14.

31. Thus, TECS is an overarching law enforcement information collection, risk assessment, and information sharing environment.  Suzuki Decl. ¶ 14.

32. TECS is also a repository for law enforcement and investigative information.  Suzuki Decl. ¶ 14.

33. Any and all information created by CBP regarding Plaintiff would be maintained in TECS.  Suzuki Decl. ¶ 14.

34. In January 2005, all data that was contained in NAILS database were merged into TECS, and NAILS ceased to exist.  Suzuki Decl. ¶ 15.

35. Thus, there are no NAILS records responsive to Plaintiff's request. Suzuki Decl. ¶ 15.

36. CLAIMS database is maintained by USCIS; it is not a CBP system of records. Suzuki Decl. ¶ 15.

37. CBP does not have access to search CLAIMS database. Suzuki Decl. ¶ 15.

38. With regard to the FOIA request made by the Plaintiff, CBP conducted a query of TECS which resulted in eight (8) responsive records. Suzuki Decl. ¶ 16.

39. Of these eight (8) records: three (3) were CBP records, two (2) were DOS records, and three (3) were ICE records. Suzuki Decl. ¶ 16.

40. CBP reviewed each responsive CBP document to determine whether it could be disclosed in its entirety, disclosed with redactions, or withheld in its entirety. Suzuki Decl. ¶ 17; Exhibits A-1 through A-3.

41. If the information in the document was exempt, the appropriate exemption was marked on the face of the document. Suzuki Decl. ¶ 17; Exhibits A-1 through A-3.

42. Each line of a document was reviewed to determine if the document could be released with redactions, and the appropriate redactions were made under each Exemption, with the Exemption(s) noted on the document next to the redacted material. Suzuki Decl. ¶ 17.

**CBP's Law Enforcement Mandate, and the TECS System of Records**

43. CBP is a law enforcement agency. Suzuki Decl. ¶ 34.

44. TECS system of records is a law enforcement system that maintains every possible type of information from a variety of federal, state, and local sources which contributes to and supports CBP's law enforcement mission to protect the borders. Suzuki Decl. ¶ 35.

45. Given the nature of Plaintiff's request and the description of the TECS system of records, three (3) pages of responsive records are law enforcement records because such records are compiled in direct relation to CBP's law enforcement mandate to protect U.S. borders.  Suzuki Decl. ¶ 35.

46. In a letter dated November 19, 2007, Plaintiff catalogued its outstanding concerns for each of the named defendants in this case, including CBP.  Exhibit I.

47. Specifically regarding CBP, Plaintiff stated, *inter alia*:

    CBP's July 9, 2007[,] response does not fulfill its obligations under FOIA.  The text of FOIA conditions release only upon reasonable description of records and compliance with published regulations.  5 U.S.C. § 552(a)(3)(A)(i)-(ii).  If the records at issue are in the possession of CBP but were created and classified by another agency, CBP is required both to refer the request to the originating agency and to provide immediate notification of the referral.  19 C.F.R. [§] 103.5(b)(3).  While CBP stated in its July 9, 2007[,] correspondence that the responsive records have been referred to other agencies, Plaintiff's counsel has not yet received any response from the other agencies.  If the records are not classified, no other regulation precludes their release.  Any other denial must comply with 19 C.F.R. [§] 1036(d)(1)-(2), requiring notification of "the physical location of the requested records" and "the applicable exemption(s) and reason for not granting the request."  *See also* 19 C.F.R. [§] 103.12 (describing relevant exemptions).

    The records Plaintiff's counsel still expects to receive include, but are not limited to: any additional records found in the TECS database, and any and all records found in the NAILS and CLAIMS database.

    Exhibit I, at 2-3.

48. In a correspondence dated December 4, 2007, the defendants in this matter, through their counsel of record, collectively responded to Plaintiff's November 19, 2007, letter.  *See* Exhibit J.

49. In the December 4, 2007, letter to Plaintiff, CBP asserted that it had fulfilled it obligations under FOIA in that CBP located TECS records responsive to Plaintiff's

request, and dealt with them appropriately.  Exhibit J, at 2-3.

50. CBP stated in the December 4, 2007, letter:

> Regarding the CBP record, a copy of the one CBP TECS record was released to Plaintiff through the July 8, 2007, response.  As of today, there is no record that Plaintiff has challenged any of the exemptions claimed in redacting this record.  There are no other CBP records from NAILS and CLAIMS.  Moreover, in January of 2005, all data that was contained in NAILS was merged into TECS, and NAILS ceased to exist.  Thus, there are no NAILS records responsive to Plaintiff's request.  CLAIMS is maintained by CIS; it is not a CBP system of records.  In short, CBP has released its only record that is responsive to Plaintiff's request.
>
> With respect to the seven records that were referred to other agencies, Plaintiff's claim that he has not received any response is incorrect.  On June 25, 2007, DOS responded to Plaintiff regarding the two TECS records that CBP referred to D[epartment] [of] S[tate].  As DOS explained, "Two of the relevant documents retrieved [by CBP] in response to your request originated with the Department of State and were therefore referred to us for appropriate action.  We have determined that the two documents must be withheld in full."
>
> At this point, there are no further CBP records that are responsive to Plaintiff's FOIA request.  Nevertheless, if the [P]laintiff has reason to believe further CBP records exist, the agency would welcome his explanation for why he believes such records exist, and provide an appropriate response.

Exhibit J, at 2-3.

                Respectfully submitted,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY

                /s/ *Victoria S. Shin*
                VICTORIA S. SHIN
                Assistant United States Attorney
                Federal Bar No. ct26806
                157 Church Street
                New Haven, CT 06510
                Telephone No. (203) 821-3799
                Facsimile No. (203) 773-5373

E-mail: Victoria.Shin@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing Defendant Department of Homeland Security's by Component U.S. Customs and Border Protection, Local Rule 56(a)1 Statement of Material Facts Not in Dispute, was served electronically on this the 4th day of January, 2008, on the following counsel of record:

        Michael Wishnie
        *Allard K. Lowenstein International*
          *Human Rights Clinic*
        127 Wall Street
        New Haven, CT 06511

        /s/ *Victoria S. Shin*
        Victoria S. Shin
        Assistant Untied States Attorney