# ATTACHMENT A

## DOCUMENTS RELEASED IN PART

### Vaughn Index

| Document | Location & Other Document Identifiers | Document Description | Number of pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 1 | Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP) Washington DC | Treasury Enforcement Communication System (TECS) record – Person Subject Display | 1 | Information withheld in part pursuant to Exemptions (b)(2) -- internal rules and practices of the agency (both "low 2" -- internal matters of a relatively trivial nature and "high 2" – more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement) -- under "low 2," case and file numbers, data processing and computer codes, key strokes and function codes of internal agency system were withheld because these administrative markings are purely internal and the release could jeopardize the integrity of TECS system; under "high 2," information withheld pertains to instructions to individual officers on how to process passengers, and, the release of such information would reveal law enforcement procedures and techniques; Exemption (b)(3) – information pertaining to Plaintiff's certificate of revocation is specifically exempt from disclosure by statute – INA 222(f); Exemptions (b)(6), (b)(7)(C) – based on privacy considerations, names or other identifying information of CBP personnel were withheld to protect CBP employees from unnecessary, unofficial questioning and harassment as to the conduct of their duties – such information does not shed light on how CBP performs its statutory duties; and, Exemption (b)(7)(E) – information withheld pertains to law enforcement procedures and techniques -- the disclosure of administrative procedures, |

Vaughn Index for Rachad Ahmad Refaat El Badrawi v. Department of Homeland Security, et.al., Page 1

EXHIBIT A

| | | |
|---|---|---|
| | | steps/guidelines to follow, in regard to the operational responsibilities discussed and assigned to CBP personnel would risk circumvention of the law. |
| 2 | Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP) Washington DC | Treasury Enforcement Communication System (TECS) record – Person Subject Display | 1 | Information withheld in part pursuant to Exemptions (b)(2) -- internal rules and practices of the agency (both "low 2" – internal matters of a relatively trivial nature and "high 2" – more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement) – under "low 2," case and file numbers, data processing and computer codes, key strokes and function codes of internal agency system were withheld because these administrative markings are purely internal and the release could jeopardize the integrity of TECS system; under "high 2," information withheld pertains to instructions to individual officers on how to process passengers, and, the release of such information would reveal law enforcement procedures and techniques; Exemptions (b)(6), (b)(7)(C)– based on privacy considerations, names or other identifying information of CBP personnel were withheld to protect CBP employees from unnecessary, unofficial questioning and harassment as to the conduct of their duties - such information does not shed light on how CBP performs its statutory duties; and, Exemption (b)(7)(E) – information withheld pertains to law enforcement procedures and techniques – the disclosure of administrative procedures, steps/guidelines to follow, in regard to the operational responsibilities discussed and assigned to CBP personnel would risk circumvention of the law. |
| 3 | Office of Field Operations | Treasury Enforcement Communication | 1 | Information withheld in part pursuant to |

| | | |
|---|---|---|
| (OFO), U.S. Customs and Border Protection (CBP) Washington DC | System (TECS) record Display | Person Subject |
| | | Exemptions (b)(2) -- internal rules and practices of the agency (both "low 2" -- internal matters of a relatively trivial nature and "high 2" -- more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement) -- under "low 2," case and file numbers, data processing and computer codes, key strokes and function codes of internal agency system were withheld because these administrative markings are purely internal and the release could jeopardize the integrity of TECS system; under "high 2," information withheld pertains to instructions to individual officers on how to process passengers, and, the release of such information would reveal law enforcement procedures and techniques; Exemptions (b)(6), (b)(7)(C)-- based on privacy considerations, names or other identifying information of CBP personnel were withheld to protect CBP employees from unnecessary, unofficial questioning and harassment as to the conduct of their duties -- such information does not shed light on how CBP performs its statutory duties; and, Exemption (b)(7)(E) -- information withheld pertains to law enforcement procedures and techniques -- the disclosure of administrative procedures, steps/guidelines to follow, in regard to the operational responsibilities discussed and assigned to CBP personnel would risk circumvention of the law. |

3

Vaughn Index for Rachad Ahmad Refaat El Badrawi v. Department of Homeland Security, et.al., Page 3