| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| TECS List of Related Law Enforcement Records (July 13, 2007) 0001 *Record previously withheld in its entirety*. | 1 | ***Supplemental Disclosure***: Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the Freedom of Information Act (FOIA). **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names of agents in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| TECS List of Related Law Enforcement Records (July 13, 2007) 0002 to 0004 *Record previously withheld in its entirety*. | 3 | ***Supplemental Disclosure***: Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names of agents in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| TECS List of Related Law Enforcement Records (July 13, 2007) 0005 *Record previously withheld in its entirety*. | 1 | ***Supplemental Disclosure***: Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names of agents in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| TECS List of Related Law Enforcement Records (July 13, 2007) 0006 *Record previously withheld in its entirety*. | 1 | ***Supplemental Disclosure***: Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names of agents in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| TECS List of Related Law Enforcement Records (July 13, 2007) 0007 ***Record previously withheld in its entirety***. | 1 | ***Supplemental Disclosure***: Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names of agents in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| TECS Law Enforcement List from Database Query (May 11, 2007) 0008 ***Record previously withheld in its entirety***. | 1 | ***Supplemental Disclosure***: Record withheld in part pursuant to exemption (b)(2) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure database navigation commands. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations as well as how to navigate an agency database and risk circumventing the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers and database code, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. |
| TECS Law Enforcement List from Database Query (July 13, 2007) 0009 ***Record previously withheld in its entirety***. | 1 | ***Supplemental Disclosure***: Record withheld in part pursuant to exemption (b)(2) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure database navigation commands. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations as well as how to navigate an agency database and risk circumventing the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| TECS List of Related Law Enforcement Records (July 13, 2007) 0010 *Record previously withheld in its entirety*. | 1 | *Supplemental Disclosure*: Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names of agents in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Law Enforcement Report of Investigation (October 27, 2004) 0011, 0012 | 2 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure investigative leads, identification of agency databases, detailed investigative guidelines and collaborations with other law enforcement agencies. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, program codes, and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names of agents and third parties in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaboration with other agencies and specific steps taken to gather background information on the subject, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Law Enforcement Report of Investigation (October 29, 2004) 0013 to 0016 | 4 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure collaborations with other agencies, priority levels, and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, program codes, telephone numbers, distribution and office codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaboration with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Law Enforcement Report of Investigation (November 18, 2004) 0017, 0018 | 2 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure collaborations with other agencies, priority levels and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, program codes, distribution codes, telephone numbers and office codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaboration with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |
| Law Enforcement Report of Investigation (December 28, 2004) 0019, 0020 | 2 | Record withheld in part pursuant to exemptions (b)(2), and (b)(7)(C) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure collaborations with other agencies, priority levels and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, program codes, distribution codes, telephone numbers and office codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| TECS Law Enforcement Person Subject Record (July 13, 2007) 0021 | 1 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure identification of an agency database and priority levels. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, program codes, office codes, and telephone numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including investigative referrals, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| TECS Law Enforcement Person Subject Record (July 13, 2007) 0022 | 1 | Record withheld in part pursuant to exemptions (b)(2), and (b)(7)(C) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure investigative guidelines, and codes. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, program codes, office codes, status codes, and agency codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaboration with other agencies and investigative referrals, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Operation Front Line II Arrest Summary Record (November 1, 2004) 0023 | 1 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure priority levels, collateral investigations, identification of an agency database and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus, stratification and collaborations of ICE investigations and thereby circumvent the investigations. **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. **(b)(7)(D)** used to protect from disclosure information compiled for law enforcement purposes, that if released could disclose the identities of confidential sources, including individuals, states, local, or foreign agencies or authorities or any private institution which furnished the information on a confidential basis. Some of the threat data used in Operation Frontline, including information relating to the gender and nationality of potential targets of investigations, was received by confidential sources pursuant to a understanding of strict confidentiality. **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaborations with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. **(b)(7)(F)** used to protect law enforcement information, the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual. Disclosure of the information discussed above, relating to gender and nationality, could reveal the confidential sources of that information. If such confidential sources are identified by terrorist groups, their lives and physical safety, as well as the safety of their families and close associates could be put in jeopardy. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| TECS Law Enforcement Person Subject Record (July 13, 2007) 0024 | 1 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure investigative guidelines. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, status codes, office codes, and action codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including the referral of investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |
| Hand Written Contact Numbers, E-mails, and Addresses (Undated) 0025, 0026 | 2 | Record withheld in part pursuant to exemptions (b)(6), and (b)(7)(C) of the FOIA.  **(b)(6)** used to protect from mandatory disclosure names and addresses of individuals and businesses, that, if released to the public, would constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(C)** used to protect from mandatory disclosure, names and addresses of individuals and businesses in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Law Enforcement Report of Investigation Records (Undated) 0027, 0028 | 2 | Record withheld in part pursuant to exemption (b)(2) and (b)(7)(E) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure priority levels, collaboration with other law enforcement agencies, investigative guidelines, and identification of an agency database. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaborations with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| TECS Law Enforcement Printouts Person Subject Records and Investigative Case Records (May 11, 2007) 0029 to 0035 | 7 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure access levels, database navigation commands, investigative guidelines and priority levels. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file and case numbers, telephone numbers and other database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including the referral of investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |

| | | **Immigration and Customs Enforcement (ICE)** |
|---|---|---|
| | | Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) |
| | | **Summary of Documents Reviewed** |
| | | FOIA Request |
| Document Description | Pages | Disposition and Exemptions |
| TECS Law Enforcement Person Subject Record (December 8, 2006) 0036 to 0038 | 3 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure access levels, database navigation commands, investigative guidelines and priority levels. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, program codes, telephone numbers and office codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including the referral of investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |
| TECS Law Enforcement Investigative Case Record (July 13, 2007) 0039 | 1 | Record withheld in part pursuant to exemptions (b)(2), and (b)(7)(C) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure database navigation commands and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, program codes, and office codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| TECS Law Enforcement Person Subject Record (May 11, 2007) 0040 to 0042 | 3 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure database navigation commands and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus, stratification and procedures of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, program codes, telephone numbers and office codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.   **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaboration with other agencies and the referral of investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |
| TECS Law Enforcement Person Subject Record (July 13, 2007) 0043 | 1 | Record withheld in part pursuant to exemptions (b)(2), and (b)(7)(C) of the FOIA.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, record identification numbers, status codes, action codes, and telephone numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| TECS Law Enforcement Person Subject Record (July 13, 2007) 0044 | 1 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure investigative guidelines. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, program codes, action codes, and other office codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including the referral of investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |
| TECS Law Enforcement Person Subject Record (May 11, 2007) 0045, 0046 | 2 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(E) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure database navigation commands and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, status codes and telephone numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including the referral of investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |
| Document with Personal Information (Undated) 0047 | 1 | Record released in full. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Notice to Appear 10/28/04 0048-0049 | 2 | Record withheld in part pursuant to exemptions (b)(2), and (b)(7)(C) of the FOIA.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Operation Frontline Arrest Summary 10/29/04 0050 | 1 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(E) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure collaborations with other agencies and priority levels. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.   **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaborations with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| <u>Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)</u> | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Operation Frontline Arrest Summary 11/1/04 0051 | 1 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure priority levels, collateral investigations, identification of an agency database and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus, stratification and collaborations of ICE investigations and thereby circumvent the investigations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(D)** used to protect from disclosure information compiled for law enforcement purposes, that if released could disclose the identities of confidential sources, including individuals, states, local, or foreign agencies or authorities or any private institution which furnished the information on a confidential basis.  Some of the threat data used in Operation Frontline, including information relating to the gender and nationality of potential targets of investigations, was received by confidential sources pursuant to an understanding of strict confidentiality.   **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaborations with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. <br> **(b)(7)(F)** used to protect law enforcement information, the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.  Disclosure of the information discussed above, relating to gender and nationality, could reveal the confidential sources of that information.  If such confidential sources are identified by terrorist groups, their lives and physical safety, as well as the safety of their families and close associates could be put in jeopardy. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Operation Frontline Arrest Summary 10/29/04-11/4/04 0052 | 1 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure priority levels, collateral investigations, identification of an agency database and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus, stratification and collaborations of ICE investigations and thereby circumvent the investigations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(D)** used to protect from disclosure information compiled for law enforcement purposes, that if released could disclose the identities of confidential sources, including individuals, states, local, or foreign agencies or authorities or any private institution which furnished the information on a confidential basis.  Some of the threat data used in Operation Frontline, including information relating to the gender and nationality of potential targets of investigations, was received by confidential sources pursuant to a understanding of strict confidentiality.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaborations with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. **(b)(7)(F)** used to protect law enforcement information, the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.  Disclosure of the information discussed above, relating to gender and nationality, could reveal the confidential sources of that information.  If such confidential sources are identified by terrorist groups, their lives and physical safety, as well as the safety of their families and close associates could be put in jeopardy. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Numbered List of Subjects of Operation Frontline Investigations<br><br>(Undated)<br>0053 | 1 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure priority levels, collateral investigations, identification of an agency database and investigative guidelines. Release of this information to the public could assist criminals in understanding the focus, stratification and collaborations of ICE investigations and thereby circumvent the investigations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(D)** used to protect from disclosure information compiled for law enforcement purposes, that if released could disclose the identities of confidential sources, including individuals, states, local, or foreign agencies or authorities or any private institution which furnished the information on a confidential basis.  Some of the threat data used in Operation Frontline, including information relating to the gender and nationality of potential targets of investigations, was received by confidential sources pursuant to a understanding of strict confidentiality.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaborations with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations.  **(b)(7)(F)** used to protect law enforcement information, the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual. Disclosure of the information discussed above, relating to gender and nationality, could reveal the confidential sources of that information. If such confidential sources are identified by terrorist groups, their lives and physical safety, as well as the safety of their families and close associates could be put in jeopardy. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Law Enforcement Database Printout listing Subjects of Frontline Investigation (Undated) 0054-0055 | 2 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law.  ICE used this exemption to protect from disclosure priority levels, collateral investigations, identification of an agency database and investigative guidelines.  Release of this information to the public could assist criminals in understanding the focus, stratification and collaborations of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, program codes, and office codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(D)** used to protect from disclosure information compiled for law enforcement purposes, that if released could disclose the identities of confidential sources, including individuals, states, local, or foreign agencies or authorities or any private institution which furnished the information on a confidential basis.  Some of the threat data used in Operation Frontline, including information relating to the gender and nationality of potential targets of investigations, was received by confidential sources pursuant to a understanding of strict confidentiality.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaborations with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. **(b)(7)(F)** used to protect law enforcement information, the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.  Disclosure of the information discussed above, relating to gender and nationality, could reveal the confidential sources of that information.  If such confidential sources are identified by terrorist groups, their lives and physical safety, as well as the safety of their families and close associates could be put in jeopardy. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| NSEERS Database Printouts (Undated) 0056-0063 | 8 | Record withheld in part pursuant to exemptions (b)(2), and (b)(7)(C) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure database navigation commands, identification of agency databases, and internal codes.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, case numbers, other "official use" codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names and addresses in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.<br><br>(7 pages released in part; 1 page released in full) |
| Law Enforcement Database Printouts (Undated) 0064-0066 | 3 | Record withheld in part pursuant to exemptions (b)(2), and (b)(7)(C) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure identification of an agency database. Release of this information to the public could assist criminals in understanding how ICE stores and accesses sensitive information. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including identification numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Law Enforcement Database Printouts Containing Information on Third Parties and Other Subjects of Operation Frontline Investigations (Undated) 0067-0075 | 9 | Records withheld in their entirety pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure priority levels, database navigation commands, identification of agency databases, internal codes, lead types, collaborations with other agencies, and case types. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, identification numbers, agent codes and telephone numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names and physical descriptions of individuals contained in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaborations with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| ICE Significant Incident Report – Visa Revocation ALR and 3/29/04 Interview 0076-0077 | 2 | Record withheld in part pursuant to exemptions (b)(2), and (b)(7)(C) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure identification of agency databases, and priority levels. Release of this information to the public could assist criminals in understanding focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including identification numbers, file numbers and telephone numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Order to Detain or Release Alien 0078 | 1 | Record withheld in part pursuant to exemptions (b)(2), (b)(6) and (b)(7)(C) of the FOIA.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including a case number, which is of no public interest and does not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(6)** used to protect names and contact information. **(b)(7)(C)** used to protect from mandatory disclosure, names of individuals contained in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Handwritten Notes 0079 | 1 | Record withheld in part pursuant to exemptions (b)(6) and (b)(7)(C) of the FOIA.  **(b)(6)** used to protect names.  **(b)(7)(C)** used to protect from mandatory disclosure, names of individuals contained in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| State of Connecticut Department of Correction Classification Review Sheet 0080-0081 | 2 | Record withheld in part pursuant to exemptions (b)(6) and (b)(7)(C) of the FOIA.  **(b)(6)** used to protect names.  **(b)(7)(C)** used to protect from mandatory disclosure, names of individuals contained in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| State of Connecticut Department of Correction Criminal Justice Information System Printout 0082-0084 *Exemption (b)(7)(E) improperly previously applied to this record.* | 3 | ***Supplemental Disclosure:*** Record withheld in part pursuant to exemptions (b)(2), (b)(6), and (b)(7)(C) of the FOIA.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including identification numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(6)** used to protect names.  **(b)(7)(C)** used to protect from mandatory disclosure, names of individuals contained in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| State of Connecticut Department of Correction Database Printout with Photo 0085 | 1 | Record released in full. |
| State of Connecticut Department of Correction Request for Designation of Religion 0086 | 1 | Record released in full. |
| Hartford Correctional Center Acknowledgment 0087 | 1 | Record released in full. |
| State of Connecticut Department of Correction Database Printout 0088 *Exemption (b)(7)(E) improperly previously applied to this record..* | 1 | Record withheld in its entirety pursuant to exemption (b)(2) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure operational procedures. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Connecticut Department of Correction University of Connecticut Health Center Correctional Managed Health Care Medical Records of Rachad El Badrawi 0089-0098 | 10 | Records released in full. |
| TECS II Person Subject Record 11/1/04 0099 | 1 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, telephone numbers and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaboration with other agencies and the referral of investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |
| TECS II Case Record 12/29/04 100 | 1 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure operational codes.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, database codes, and case numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Warrant for Arrest of Alien<br>10/28/04<br>101 | 1 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Notice of Custody Determination<br>10/28/04<br>102 | 1 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Notice of Rights and Request for Disposition<br>10/29/04<br>103 | 1 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Records Check 11/5/04 104 | 1 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure investigative guidelines.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including record numbers, telephone numbers, departmental codes and page headers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Record of Deportable/ Inadmissible Alien 10/28/04 105-106 | 2 | Record withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure identification of agency databases, and investigative guidelines.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including distribution codes, case numbers and operational codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaboration with other agencies and database investigative techniques, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Criminal Justice Information System Query 10/27/04 107-109 | 3 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Database Query 10/21/04 110-113 | 4 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure database commands, identification of an agency database, and record location stamps.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations as well as how to navigate an agency database and risk circumventing the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including file numbers, telephone numbers, and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Report of Investigation 10/1/04 114-116 and 186-187 | 5 | Three pages withheld in part pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.  Two pages withheld in their entirety pursuant to exemptions (b)(2) and. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure investigative guidelines and directives, and identification of several agency databases.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including distribution codes, case numbers, telephone numbers, and program codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including collaboration with other agencies and priority levels assigned to investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations.<br><br>Pages 186-187 withheld in its entirety pursuant to exemption (b)(2) and (b)(7)(E) of the FOIA. |
| List of Related Records 10/21/04 117 | 1 | Record withheld in part pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers and database codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/12/04 118-119 | 2 | Record withheld in its entirety pursuant to exemptions (b)(5), (b)(7)(C) and (b)(7)(E) of the FOIA.  The **(b)(5)** Attorney Work Product( AWP) privilege applies because portions of this email chain are between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS.  The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings.  Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>In addition, the **(b)(5)** Attorney-Client Privilege (ACP) applies to this email because portions of this email chain reflect confidential communications from ICE employees seeking legal advice from ICE and USCIS counsel regarding the status of Plaintiff's visa extension application and removal proceedings<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, Deliberative Process Privilege (DPP). The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process.<br><br>**(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.<br><br>**(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative procedures. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Database Query 10/29/04 120 | 1 | Record withheld in part pursuant to exemptions (b)(2) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure investigative guidelines and directives.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, file numbers and other administrative coding, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. |
| Google Search 10/22/04 121-127 | 7 | Record released in full. |
| Photocopies of Credit Cards, Drivers License, Social Security Card, and DELL® Account (Undated) 128-131 | 4 | Record released in full. |
| Claim for Damage, Injury or Death and Attachment 10/25/06 132-138 | 7 | Record released in full. |
| Photocopies of Passports (Undated) 139-165 | 27 | Record released in full. |
| Handwritten Notes 3/19/04 166 | 1 | Record withheld in its entirety pursuant to exemption (b)(2) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law.  ICE used this exemption to protect from disclosure collaborations with other agencies.  Release of this information to the public could assist criminals in understanding the focus of ICE investigations and thereby circumvent the investigations. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| "Unapproved" (Draft) Significant Activity Report 10/29/04 167-169 | 3 | Record withheld in its entirety pursuant to exemptions (b)(2), (b)(5) and (b)(7)(C) of the Freedom of Information Act (FOIA).  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure priority codes and collaborations with other agencies.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including distribution codes, case numbers, telephone numbers, and program codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(5),** DPP used to protect from mandatory disclosure a draft law enforcement report.  ICE used this exemption to withhold an unapproved draft of a report wherein the details were not the final disposition.  This information is pre-decisional and deliberative because the decision-making process regarding what information to include in the report was on-going and unapproved at the time the report was drafted. Release of the document would have a chilling effect on ICE's decision-making process.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Case Chronology & Review Form 10/21/04 170 | 1 | Record withheld in its entirety pursuant to exemptions (b)(2) and (b)(7)(E) of the Freedom of Information Act (FOIA).  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure actual investigative steps taken and collaborations with another agency. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques and procedures. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Fax Transmission and Confirmation Pages 10/22/04 171-175 | 5 | Record withheld in its entirety pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.  **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure collaborations with another agency and priority codes.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including telephone numbers, confirmation numbers and transmission codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.  **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative procedures. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| "DRAFT" Significant Incident Report 10/29/04 176-177 | 2 | Record withheld in its entirety pursuant to exemptions (b)(2), (b)(5) and (b)(7)(C) of the FOIA. **High (b)(2)** used to protect from mandatory disclosure internal agency information of a substantial nature that if disclosed would risk circumvention of the law. ICE used this exemption to protect from disclosure priority codes and category codes. Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations. **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including distribution codes, case numbers, telephone numbers, and program codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations. **(b)(5)**, DPP used to protect from mandatory disclosure a draft law enforcement report. ICE used this exemption to withhold an unapproved draft of a report wherein the details were not the final disposition. This information is pre-decisional and deliberative because the decision-making process regarding what information to include in the report was on-going and unapproved at the time the report was drafted. Release of the document would have a chilling effect on ICE's decision-making process. **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/5/04 thru 11/21/06 178-185 | 8 | Records withheld in their entirety pursuant to exemptions (b)(2), (b)(5), (b)(7)(C) and (b)(7)(E) of the FOIA.  Release of this information to the public could assist criminals in understanding the focus and stratification of ICE investigations and thereby circumvent the investigations.  **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including case numbers, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.   **(b)(5)** is used to protect AWP. The email chain is between ICE attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS.  The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings.  Disclosure would interfere with ICE's confidential communications and preparations for future removal proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**,(DPP.  The email chain reflects internal communications between ICE attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process.   **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media. |
| Database Query 10/22/04 188-198 | 11 | Record released in full. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/04/04 199-200 | 2 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA, AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS.  The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings.  Disclosure would interfere with ICE's confidential communications and preparations for future removal proceedings. |
| | | Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP.  The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/04/04 201-202 | 2 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA, AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings. Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/04/04 203-204 | 2 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA,  AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings. Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/04/04 205-206 | 2 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA, AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings. This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings. Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings. This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on ICE's decision-making process. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/04/04 207-209 | 3 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA, AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS.  The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings.  Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/04/04 210-212 | 3 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA, AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings. Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/04/04 213-214 | 2 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA, AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings. Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/04/04 215-216 | 2 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA, AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings. Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |

| **Immigration and Customs Enforcement (ICE)** | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| **Summary of Documents Reviewed** | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/04/04 217-219 | 3 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA, AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings. Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/05/04 220-222 | 3 | Record withheld in its entirety pursuant to exemptions **(b)(5)** of the FOIA, AWP privilege. The email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings. Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.

Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/05/04 223-224 | 2 | Record withheld in its entirety pursuant to exemptions (b)(5) and (b)(7)(E) of the FOIA.  The **(b)(5)** AWP privilege applies because this email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS.  The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings.  Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings.<br><br>Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process.<br><br>**(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative procedures. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH) | | |
| Summary of Documents Reviewed | | |
| FOIA Request | | |
| Document Description | Pages | Disposition and Exemptions |
| Internal Email Among Agency Counsel 11/05/04 225-226 | 3 | Record withheld in its entirety pursuant to exemptions (b)(5) and (b)(7)(E) of the FOIA.  The **(b)(5)** AWP privilege applies because this email chain is between ICE and USCIS attorneys who were involved in representing DHS in Plaintiff's visa extension application and removal proceedings.  This email is attorney work product because it contains confidential discussions related to the legal issues and planned actions regarding Plaintiff's removal proceedings prepared by government attorneys representing DHS.  The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the removal proceedings.  Disclosure would interfere with ICE's confidential communications and preparations for future litigation proceedings. |
| | | Further, the email chain is withheld in its entirety pursuant to exemption **(b)(5)**, DPP. The email chain reflects internal communications between ICE and USCIS attorneys regarding Plaintiff's visa extension application and removal proceedings.  This information is pre-decisional and deliberative because the decision-making process regarding what actions to take in the visa extension application and removal proceedings was on-going at the time the email was drafted, and because the information contained in the email is a direct part of that deliberative process.  Release of the document would have a chilling effect on ICE's decision-making process. |
| | | **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative procedures. |
| TECS II Person Subject Display 0227 | 1 | **Low (b)(2)** used to protect from mandatory disclosure mundane administrative data including telephone numbers, confirmation numbers and transmission codes, which are of no public interest and do not offer any insight into whether and how ICE is carrying out its statutory duties and obligations.  **(b)(7)(C)** used to protect from mandatory disclosure, names in law enforcement records that, if released to the public, could constitute an unwarranted invasion of personal privacy and possibly subject the person to harassment by the public and inquiries by the media.   **(b)(7)(E)** used to protect from mandatory disclosure law enforcement investigative techniques, procedures, and guidelines, including the referral of investigations, the disclosure of which could reasonably be expected to risk circumvention of the law and to thwart future investigations and operations. |