UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHAD AHMAD REFAAT EL BADRAWI : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:07-cv-372 (JCH) |
| : | |
| DEPARTMENT OF HOMELAND : | |
| SECURITY, ET AL., : | OCTOBER 15, 2008 |
|     Defendants. : | |

**ORDER RE: MOTIONS FOR RECONSIDERATION
AND CLARIFICATION [Doc. Nos. 111, 112]**

**I.     INTRODUCTION**

On October 7, 2008, defendants United States Department of State ("DOS"), and United States Department of Homeland Security ("DHS"), through component Customs and Border Protection ("CBP"), moved the court to reconsider its September 24, 2008 Order regarding DOS's request for leave to submit a classified declaration ex parte and in camera [Doc. No. 102], and for clarification of both that Order and its September 30, 2008 Ruling on Defendant's Motions for Summary Judgment [Doc. No. 109].  The Motion for Reconsideration [Doc. No. 111] is **DENIED** and the Motion for Clarification [Doc. No. 112] is **GRANTED**.  The Order and Ruling are clarified below.

**II.    ORDER RE: DOS'S CLASSIFIED DECLARATION**

On September 12, 2008, DOS moved to submit ex parte and in camera a classified declaration concerning two documents it had referred to an unnamed agency. See Doc. No. 89.  Plaintiff, Rashad Ahmad Refaat El Badrawi ("El Badrawi"), opposed the ex parte nature of this motion, arguing that because his counsel, Attorney Ramzi Kassem, holds a Top Secret security clearance and has signed the requisite non-

1

disclosure agreements, ex parte filing of the declaration is not necessary. See Doc. No. 93.

In an Order dated September 24, 2008, the court found that the only issue in dispute concerning Attorney Kassem's access to the classified declaration submitted for in camera review was whether Attorney Kassem had a "need to know" the information contained in that declaration. See Doc. No. 102. Further, the court held that it could not rule on whether Attorney Kassem had a "need to know" without first reviewing the declaration in question. Therefore, the court gave the government an option. The government could, if it wished, submit the classified declaration for in camera review, with the understanding that if the court found that Attorney Kassem had a "need to know" the information in the declaration, he would be permitted to review the declaration and advocate on behalf of his client with respect to the matters the declaration addressed. DOS now moves for reconsideration and clarification on that ruling. The Motion to Reconsider the Ruling [Doc. No. 111] is denied, and the Motion for Clarification [Doc. 112] is granted. The court's Ruling is clarified as follows.

DOS will submit its classified declaration for ex parte and in camera review. The court will review the declaration and determine whether Attorney Kassem needs to know the information contained therein to ably represent his client. If the court concludes Attorney Kassem does have a "need to know," the court will issue a further order directing DOS to make arrangements for the disclosure of the classified declaration to Attorney Kassem under the necessary security procedures. Such order will be accompanied by a stay pending appeal in order to allow DOS to obtain appellate review before disclosing the classified declaration to Attorney Kassem.

In the event the court concludes Attorney Kassem does not have a "need to know," the court will consider the declaration <u>ex parte</u> in determining whether the documents in question were properly withheld from El Badrawi.

### III.     RULING RE: DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

DOS and CBP also asked for clarification regarding the court's September 30, 2008 Ruling on Defendant's Motions for Summary Judgment. Specifically, DOS and CBP seek clarification with regard to two issues: 1) the two documents that are the subject of the classified DOS declaration discussed above; and 2) the documents withheld by DOS and CBP under FOIA Exemption 3.

In their Motion, DOS and CBP correctly interpret the court's Summary Judgment Ruling not to encompass the two documents that are the subject of the classified declaration discussed above. Reviewing the documents before reviewing the declaration would be premature, and thus the court will reserve <u>in camera</u> review of those documents, if necessary, for a later date.

With regard to the documents withheld under Exemption 3, DOS and CBP are correct that these documents should be submitted to the court for <u>in camera</u> review, if they have not been submitted already.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of October, 2008.

                                        /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge