**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

| Page Numbers | Document Date | Document Title | Document description and applicable exemptions |
|---|---|---|---|
| Throughout Set of Documents | | | Internal agency codes and case numbers within these documents were withheld under Exemption low (b)(2) and the names of FOIA Analysts, law enforcement officers, and other third parties were withheld under Exemption 7(C). Both exemptions are uncontested by plaintiff. |
| 0011-0012 0013-0016 0017-0018 0019-0020 114-116 120 186-187 (pgs 186-187 are pgs. 4-5 of ROI pgs.1-3 at 114-116) | 10/27/2004 10/29/2004 11/18/2004 12/28/2004 10/01/2004 10/29/2004 10/01/2004 | Department of Homeland Security/ICE Reports of Investigation (ROIs) relating to El Badrawi | Information withheld under high (b)(2) – internal rules and practices:<br>1. "Date Assigned" on all ICE Reports of Investigations (ROIs) was withheld. Release of this information regarding when a specific investigation is assigned or launched would reveal the timing of when ICE decides to begin a formal investigation of a subject and could also shed light on how ICE prioritizes the assignment of investigations. This knowledge of ICE internal investigative guidelines could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by tailoring the timing of their illegal activities in such a way as to avoid detection by ICE.<br><br>2. "Distribution and Origin Office" on all ROIs was withheld. Release of the ICE Office that originates an ROI or the distribution of the ROI would reveal the geographic focus and scope of the investigation. This knowledge of ICE internal investigative guidelines could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by tailoring the geographic scope of their illegal activities in such a way as to avoid detection by ICE.<br><br>3. Case Number on Page 0012 erroneously withheld under High (b)(2), this case number is properly withheld under Low (b)(2). See other Case Numbers on other ROIs that are redacted under Low (b)(2). |

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

4. In the second paragraph of "Details of Investigation" on pg. 0012 and second paragraph on pg. 0014, the name of a database that indicated that Plaintiff El Badrawi had a pending I-129 Petition pending and was employed at a certain location was withheld. Release of the name of the database used to collect specific background information about a subject under investigation by ICE would reveal an internal investigative practice still used by ICE. Even where the name of and routine uses of a database are in the public domain, the specific use of the database in specific cases for specific purposes constitutes an internal investigative practice, the disclosure of which would allow people seeking to violate immigration and customs laws and regulations to circumvent the law.

5. In the first and sixth paragraphs of "Details of Investigation" on pg. 0012; the first and third paragraphs of the "Synopsis" on pg. 0013; first paragraph on pgs. 0014, 0017, 0019, and 0020; and the second paragraph of pg. 0016, the description of the type of team that the investigating agents were assigned to when they conducted Plaintiff's investigation was withheld. Release of this internal practice information would reveal the composition of and the nature of the law enforcement experience and training of the team of investigators who undertook many of the Operation Frontline investigations, the disclosure of which could decrease the effectiveness of the use of such specialized teams and could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by taking proactive steps to gain similar training and experience to avoid detection by ICE.

6. In the second paragraph on pgs. 0014 and 0018, the description of a

Case 3:07-cv-00372-JCH   Document 148-2   Filed 02/10/09   Page 3 of 16

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
<u>Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)</u>

|  |  |  |  | document obtained from another federal agency which provided evidence to investigators regarding the legality of Plaintiff's presence in the U.S. was withheld.  Release of a specific document ICE relied on to investigate and determine Plaintiff's immigration status would reveal internal investigative guidelines which instruct ICE agents how to collaborate with different federal agencies to collect investigative information.  Such knowledge about interagency collaboration could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by taking proactive steps to avoid disclosing information regarding their immigration status to certain federal agencies to thereby avoid detection by ICE or other steps to avoid falling within the scope of such collaboration.<br><br>7. In the third paragraph on pg. 0014 the Significant Incident Report Number (SIR) erroneously withheld under High (b)(2), this report number is properly withheld under Low (b)(2), as a mundane internal agency code.  Plaintiff did not challenge the assertion of low (b)(2).<br><br>8. In the fourth paragraph on pg. 0017 a line of text is withheld that contains specific information regarding leads used to establish a threat profile and initiate an investigation of Plaintiff, including references to information from another law enforcement agency and other sources for such leads.  Release of either the threat profile or the source would reveal both a law enforcement technique and an ICE internal investigative procedure. Such knowledge of these techniques and practices could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by avoiding becoming associated with particular threat profiles and would allow organizations that seek to harm the United States to introduce individuals into the United States who do not fit within this particular |
|---|---|---|---|---|

Case 3:07-cv-00372-JCH   Document 148-2   Filed 02/10/09   Page 4 of 16

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
<u>Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)</u>

|  |  |  |  | law enforcement threat profile.<br><br>Information withheld under high (b)(2) & (b)(7)(E):<br><br>9. In the fifth paragraph of "Details of Investigation" on pg. 0012, a list of law enforcement and other databases that were queried to conduct record checks on Plaintiff and the results of those inquiries were withheld. Release of the names of the databases that were queried to determine if any law enforcement related information was available about a subject under investigation by ICE would reveal both a law enforcement technique and an internal investigative practice used by ICE. Even where the names of and routine uses of law enforcement databases are in the public domain, the specific use of a collection of these databases in specific cases for specific purposes constitutes both a law enforcement technique and an ICE internal investigative practice. Disclosure of these techniques and practices could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by taking proactive steps, such as the use of aliases, to avoid having their biographical information collected and maintained in certain law enforcement and other databases so as to avoid detection by ICE.<br><br>10. In the seventh paragraph of "Details of Investigation" on pg. 0012, under (b)(7)(E) a sentence discussing an investigative technique used to obtain the assistance of another agency to ascertain the whereabouts of the Plaintiff and under (b)(2) a sentence discussing the operational protocol to use when contacting Plaintiff were withheld. Release of either the technique or the ICE internal investigative practice could reveal significant details regarding the steps taken to locate and contact subjects of investigation. Such knowledge of how ICE locates and |
|---|---|---|---|---|

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

| | | | | |
|---|---|---|---|---|
| | | | | contacts subjects of investigation levels could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by allowing them to take steps to avoid detection by ICE.<br><br>11. In the first paragraph of the "Synopsis" on pgs. 0013 and 0017 and first paragraph on pg. 0014, the priority level of the collateral investigation was withheld. Release of the priority level assigned to Plaintiff's investigation would reveal some of the criteria ICE uses to prioritize its investigations. Such knowledge of how ICE develops priority levels could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by ensuring that they, or those working for them, do not meet certain criteria that are being used to develop the priority levels. |
| 0021<br>0022<br>0024<br>099<br>100 | 6/12/2007<br>6/12/2007<br>6/12/2007<br>11/1/2004<br>12/29/2004 | | TECS II Law Enforcement Person Subject and Case Record printouts relating to El Badrawi | Information withheld under high (b)(2):<br><br>1. At the middle of pg. 0022 under "Exclusion Code" information regarding how ICE generated a lead in Plaintiff's case was withheld. Releasing this information would reveal one of the methods ICE uses to develop leads for investigations. Disclosure of this information could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by altering their conduct so as to avoid having a lead generated about them.<br><br>2. In addition, the category and sub-categories of the investigation in pg. 100 were withheld as release of this purely internal information may reveal one of the methods used by ICE to categorize investigations. Disclosure of this information could permit individuals to determine the investigative priorities assigned to certain investigative subjects, thereby allowing people seeking to violate immigration and customs |

Case 3:07-cv-00372-JCH   Document 148-2   Filed 02/10/09   Page 6 of 16

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  | laws to alter their conduct so as to circumvent the law.<br><br>3. In the last sentence of pg. 100 a line of text is withheld that contains specific information regarding leads used to establish a threat profile and initiate an investigation of Plaintiff, including references to information from another law enforcement agency and a potential database used as a source for such leads. Release of either the threat profile or the source would reveal both a law enforcement technique and an ICE internal investigative procedure. Such knowledge of these techniques and practices could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by avoiding becoming associated with particular threat profiles and would allow organizations that seek to harm the United States to introduce individuals into the United States who do not fit within this particular law enforcement threat profile.<br><br>Information withheld under high (b)(2) & (b)(7)(E):<br>1. At the bottom of pgs. 0021, 0022, and 0024, "Look Out Level" code, and information after "Status" was withheld. The information withheld under "Look Out Level" and "Status" relates to certain internal priority levels assigned to a particular subject of investigation. Release of information regarding the investigative priority and status of a specific subject could potentially reveal the criteria used by ICE to establish the investigative status and priority levels. Such knowledge of how ICE assigns look out levels to specific investigative subjects could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by ensuring that they, or those working for them, do not meet certain criteria that are being used to develop the look out levels. |

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

| | | | |
|---|---|---|---|
| | | | 2. In the middle of pgs. 0021, 0022, and 0024, and 099, information after "Primary Action," "Agency", and "Remarks" was withheld. The information withheld under "Primary Action" and "Remarks" relates to specific instructions to DHS personnel regarding investigative guidelines when they encounter a specific subject. Information withheld under "Agency" relates to the particular agency that provided information DHS used to establish these law enforcement guidelines. Disclosure of particular law enforcement action to be taken when encountering particular investigative subjects would allow other would-be law breakers to anticipate certain responses from law enforcement officers and develop counter measures to avoid apprehension, thereby circumventing the law. Likewise, the disclosure of the particular agency that shared the information DHS then used to establish its law enforcement priorities and guidelines would allow would be law breakers to know how information is shared among agencies and what type of information is important in establishing its law enforcement priorities. |
| 0027-0028 | Undated | Narrative portion of ROI relating to El Badrawi | Information withheld under high (b)(2):<br><br>1. An internal code in the middle of page 0027 was withheld, as release of this purely internal information may reveal one of the methods used by ICE to categorize investigations. Disclosure of this information could permit individuals to determine the investigative priorities assigned to certain investigative subjects, thereby allowing people seeking to violate immigration and customs laws to alter their conduct so as to circumvent the law. |

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
<u>Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)</u>

2. In the third paragraph on pg. 0027 a line of text is withheld that contains specific information regarding leads used to establish a threat profile and initiate an investigation of Plaintiff, including references to information from another law enforcement agency and a potential database used as a source for such leads. Release of either the threat profile or the source would reveal both a law enforcement technique and an ICE internal investigative procedure. Such knowledge of these techniques and practices could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by avoiding becoming associated with particular threat profiles and would allow organizations that seek to harm the United States to introduce individuals into the United States who do not fit within this particular law enforcement threat profile.

<u>Information withheld under high (b)(2) & (b)(7)(E):</u>

3. Information concerning the investigative status assigned to this subject, along with the source of certain information including a particular database confirming information about the subject's was withheld. The information withheld relates to certain law enforcement priority levels assigned to a particular subject of investigation and release of this information could potentially reveal the criteria used by ICE to establish investigative priorities. Such knowledge of how ICE establishes its law enforcement priorities could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by ensuring that they, or those working for them, do not meet certain criteria that are being used to develop these priorities. In addition, disclosure of the database used by law enforcement officers in

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

| | | | |
|---|---|---|---|
| | | | carrying out this investigation would reveal the type of information used by ICE in carrying out its investigation of similar subjects, allowing individuals to take counter measures to circumvent these actions. |
| 0029 0030 0031 0032 0033 0034 0035 0036 0037 0038 0039 0040 0041 0042 0045 0046 | 12/28/2004 12/28/2004 10/27/2004 10/27/2004 04/11/2005 12/28/2004 10/27/2004 10/27/2004 12/28/2004 04/11/2005 10/27/2004 01/07/2005 03/31/2005 02/27/2007 10/09/2003 04/16/2003 | TECS II Person Subject Displays relating to El Badrawi<br><br>and<br><br>TECS II Investigative Case Records relating to El Badrawi | Information withheld under high (b)(2):<br><br>1. On the bottom of every page, the TECS Function Menu keys were withheld. Releasing the computer function keys associated with performing certain tasks in TECS would reveal internal database tools used to view and alter investigative information contained in TECS law enforcement records. Such information could permit an unauthorized TECS user seeking to violate immigration and customs laws and regulations to circumvent the law by hacking into the TECS system and viewing and altering records.<br><br>2. Several other internal agency codes were withheld, including on the bottom of pages 0030, 0032, 0038, 0039, 0045, and 0046, which relate to databases and particular record numbers within them. The disclosure of such information could reveal how this information is stored, shared and utilized in the course of law enforcement investigations, such that individuals could alter their behavior to avoid detection. Also, disclosure in particular of record numbers within certain databases could allow unauthorized users to hack in to the system and view and possibly alter records, thereby circumventing the law.<br><br>Information withheld under high (b)(2) & (b)(7)(E):<br><br>1. At the lower half of pgs. 0029, 0031, 0033, 0035-0038, 0040-0046 |

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

| | | | | |
|---|---|---|---|---|
| | | | | information after "Primary" and information at the bottom of pgs. 0029, 0033, 0035, 0036, 0038, 0041, and 0042, concerning specific instructions to DHS personnel regarding investigative guidelines when they encounter a specific subject was withheld. Disclosure of particular law enforcement action to be taken when encountering particular investigative subjects would allow other would-be law breakers to anticipate certain responses from law enforcement officers and develop counter measures to avoid such investigative techniques, thereby circumventing the law. |
| 0023 0050 0051 0052 0053-0055 | 11/01/2004 Undated 11/01/2004 10/29 to 11/04/2004 Undated | | Operation Front Line II Arrest Summaries | 1. Non responsive third party information on each of these pages was previously withheld under exemptions high (b)(2), (b)(7)(C), (7)(D), (7)(E), and (7)(F) due to the impact the release of this information could have had on information that was ruled to have been properly withheld under these exemptions in an earlier related FOIA litigation. After further review however, ICE has determined that it is sufficient to withhold this information under (b)(7)(C) as the redacted information relates to other subjects of Operation Frontline investigations and is not responsive to Plaintiff's FOIA request.<br><br>Information withheld under high (b)(2):<br><br>2. On pgs. 0023 and 0051-0052, information regarding how ICE generated a lead in Plaintiff's case was withheld. Releasing this information would reveal one of the methods ICE uses to develop leads for investigations. Such knowledge of how ICE develops law enforcement leads could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by altering their conduct so as to avoid having a lead generated about them. |

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

| | | | |
|---|---|---|---|
| | | | Information withheld under high (b)(2) & (b)(7)(E):<br><br>3. On pgs. 0023 and 0051-0052, the priority level of the investigation was withheld. Releasing the priority level assigned to Plaintiff's investigation would reveal some of the criteria ICE uses to prioritize its investigations. Such knowledge of how ICE develops and assigns priority levels could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by ensuring that they, or those working for them, do not meet certain criteria that are being used to develop the priority levels. |
| 0057-0062 | Undated | Screen printout from database used in investigation of Plaintiff | Information withheld under high (b)(2):<br><br>1. Function menu keys and other internal codes within these database screen shots were withheld under Exemption high (b)(2). Releasing the function keys associated with performing certain tasks within this database would reveal internal database tools used to view and alter investigative information contained in law enforcement records. Such information could permit an unauthorized user seeking to violate immigration and customs laws and regulations to circumvent the law by hacking into the system and viewing and altering records. In addition, information used to prioritize the investigation was withheld from certain pages for the same reasons explained above with respect to law enforcement priorities. |

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

| 0068-0069 | Undated | Spreadsheet showing assignment of leads to various ICE field offices at various times during 2004 pertaining to particular third party subjects of investigation | Information withheld under high (b)(2) & (b)(7)(E): <br><br>This two page spreadsheet appears to be non-responsive to plaintiff's request, and in any event is withheld in its entirety under Exemptions (b)(2) high and (b)(7)(E) as it is in an internal spreadsheet created for law enforcement purposes which clearly shows several criteria used by ICE to establish leads and law enforcement priorities as well as the sources of such leads, disposition of leads, assignment among field offices and interagency collaboration and deconfliction checks. Accordingly, it is properly withheld under these exemptions for the reasons already explained herein applicable to similar lead and priority information as well as interagency collaboration, because disclosure would reveal how ICE carries out these tasks and thereby risk circumvention of future law enforcement efforts. Such knowledge of how ICE develops and assigns priority levels and assigns cases to field offices could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by ensuring that they, or those working for them, do not meet certain criteria that are being used to develop the priority levels. |
|---|---|---|---|
| 0076-0077 | 3/29/2004 | ICE Significant Incident Report | Information withheld under high (b)(2) <br><br>In the middle of pg. 0076, internal categories of incidents that ICE regards as significant as well as an internal identification number relating to Plaintiff were withheld. Release of the particular category or categories indicated would reveal some of the criteria used by ICE to prioritize investigations. Such knowledge of how ICE develops and assigns priority levels could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by ensuring that they, or those working for them, do not |

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
<u>Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)</u>

| | | | |
|---|---|---|---|
| | | | meet certain criteria that are being used to develop the priority levels. |
| 0088 | 12/11/2007 | State of Connecticut Department of Correction Database Printout | This document was erroneously withheld in full under high (b)(2) under the incorrect assumption that the document contained internal agency information. After consultation with the State of Connecticut, the document is released in full. |
| 104<br>105-106 | 11/05/2004<br>10/28/2004 | IBIS Record Check<br>I-213 Record of Deportable/Inadmissible Alien | <u>Information withheld under high (b)(2)</u>:<br><br>1. At the top and bottom of pg. 104, information regarding internal DHS correspondence regarding record checks was withheld. Releasing the internal correspondence made under this investigation would reveal internal agency protocols for coordinating an investigation. Such knowledge of how DHS coordinates between components could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by taking steps to avoid having their information maintained by certain components.<br><br>2. Information regarding "Distribution" of the I-213 in the lower left corner was withheld. Releasing information regarding the distribution of an I-213 would reveal the geographic focus and scope of the investigation. This knowledge of ICE internal investigative guidelines could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by tailoring the geographic scope of their illegal activities in such a way as to avoid detection by ICE.<br><br><u>Information withheld under high (b)(2) & (b)(7)(E)</u>: |

Case 3:07-cv-00372-JCH   Document 148-2   Filed 02/10/09   Page 14 of 16

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
<u>Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)</u>

|  |  |  |  |
|---|---|---|---|
|  |  |  | 3. Under "INS System Checks" and in last sentence of narrative after "See," a list of law enforcement and other databases that were queried to conduct record checks on Plaintiff was withheld. Releasing the names of the databases that were queried to determine if any law enforcement related information was available about a subject under investigation by ICE would reveal both a law enforcement technique and an internal investigative practice used by ICE. Even where the names of and routine uses of law enforcement databases are in the public domain, the specific use of a collection of these database in specific cases for specific purposes constitutes both a law enforcement technique and an ICE internal investigative practice. Such knowledge of these techniques and practices could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by taking proactive steps, such as the use of aliases, to avoid having their biographical information collected and maintained in certain law enforcement and other databases so as to avoid detection by ICE.<br><br>4. In third paragraph of pg. 106, results from a records check that established a particular threat profile applicable to Plaintiff was withheld. Release of either the threat profile or the source would reveal both a law enforcement technique and an ICE internal investigative procedure. Such knowledge of these techniques and practices could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by avoiding becoming associated with particular threat profiles. |
| 110-113 | 10/21/2004 | NetLeads Display printouts (2 2-page records) relating | <u>Information withheld under high (b)(2):</u> |

Case 3:07-cv-00372-JCH   Document 148-2   Filed 02/10/09   Page 15 of 16

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
<u>Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)</u>

|  |  | to Plaintiff | The user identification numbers and database intranet addresses on pp. 110-113 were withheld. Releasing the name of an internal agency database intranet address and the user identification numbers would reveal information that may allow unauthorized users to hack into the system and alter or delete information within that system, thereby circumventing the law. |
|---|---|---|---|
| 166 | Undated | Handwritten notes containing law enforcement criteria used to launch investigation of Plaintiff | <u>Information withheld under high (b)(2) & (b)(7)(E)</u>:<br><br>This page was withheld in full. This page contains specific information regarding leads used to establish a threat profile and initiate an investigation of Plaintiff, including references to information from another law enforcement agency and a potential database used as a source for such leads. Release of either the threat profile or the source would reveal both a law enforcement technique and an ICE internal investigative procedure. Such knowledge of these techniques and practices could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by avoiding becoming associated with particular threat profiles and would allow organizations that seek to harm the United States to introduce individuals into the United States who do not fit within this particular law enforcement threat profile. |
| 170 | 10/2004 | Case Chronology and Review Form, with a few entries relating to investigative steps taken relative to Plaintiff, with time expended and | <u>Information withheld under high (b)(2) & (b)(7)(E)</u>:<br><br>This page was withheld in part because it would reveal law enforcement techniques and ICE internal investigative practices. Such knowledge of these techniques and practices could allow people seeking to violate immigration and customs laws and regulations to circumvent the law by |

**Immigration and Customs Enforcement (ICE)**
**Supplemental Vaughn Index**
Rashad Ahmad Refaat El Badrawi v. DHS, et, al.: 3:07 CV 00372 (JCH)

|  |  | description of activity. | taking proactive steps to avoid the techniques chronicled in this record. |
|---|---|---|---|
| 227 | 10/21/2004 | TECS II person subject printout relating to El Badrawi | CBP document with redactions made to internal codes, names, and a phone number under Exemptions high (b)(2), low (b)(2), (b)(6), (b)(7)(C), and law enforcement techniques and guidelines under (b)(7)(E), as explained by CBP in its declarations filed herein. |
| 228-231 | 9/23/2008 | DACS (Deportable Alien Control System) and CIS (Central Index System) printouts relating to El Badrawi (respectively) | Internal program, document and function key codes within these documents were withheld under Exemption high (b)(2). Releasing the computer function keys associated with performing certain tasks in these databases would reveal internal database tools used to view and alter investigative information contained in law enforcement records. Such information could permit an unauthorized user seeking to violate immigration and customs laws and regulations to circumvent the law by hacking into the systems and viewing and altering records. The disclosure of the remaining codes withheld from these documents could reveal how information concerning aliens is stored, shared and utilized in the course of law enforcement investigations, such that individuals could alter their behavior to avoid detection. Also, disclosure in particular of document codes could allow unauthorized users to hack in to the system and view and possibly alter records, thereby circumventing the law. |
| 232-233 | 9/23/2008 |  |  |